104 F.3d 355
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Diane CASSERA, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 96-6142.
 United States Court of Appeals, Second Circuit.
 Dec. 23, 1996.
 
 1
 Appeal from the United States District Court for the Southern District of New York (Kevin T. Duffy, Judge ).
 
 
 2
 APPEARING FOR APPELLANT: Diane Cassera, Pro Se, Bronx, NY.
 
 
 3
 APPEARING FOR APPELLEE: Lorraine S. Novinski, Assistant United States Attorney, Southern District of New York, New York, NY.
 
 
 4
 S.D.N.Y.
 
 
 5
 AFFIRMED.
 
 
 6
 Before CARDAMONE and PARKER, Circuit Judges and WEXLER,* District Judge.
 
 
 7
 This cause came to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued by appellant pro se and by counsel for appellee.
 
 
 8
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and hereby is AFFIRMED.
 
 
 9
 Pro se appellant, Diane Cassera, appeals from the judgment of the United States District Court for the Southern District of New York (Duffy, J.), affirming the Secretary of Health and Human Services's (the "Secretary") denial of Supplemental Security Income ("SSI") benefits and her request that her SSI claim be remanded to the Secretary for consideration of new evidence.
 
 
 10
 Cassera applied for SSI benefits in April 1992, alleging hypothyroidism. A hearing was held before an administrative law judge ("ALJ"). Pursuant to that hearing, the ALJ found that Cassera was not disabled and that there was "no documentation of a severe impairment." The ALJ relied primarily on the report of Cassera's treating endocrinologist, Dr. Hellerman, which stated that Cassera's medication should have kept her condition well controlled and did not have side effects that limited her activity.
 
 
 11
 In April 1994, Cassera filed in the district court a pro se complaint seeking review of the denial of disability benefits. After the Secretary answered, Cassera submitted a letter dated February 28, 1995 ("February letter"), attaching copies of new evidence, including a letter from Dr. Enrico Belgrave. According to a consultation report also attached to the February letter, Dr. Belgrave first saw Cassera in May 1994. Dr. Belgrave's letter, dated July 15, 1994, stated that Cassera suffers from Hashimoto's thyroiditis, an autoimmune disease that causes hypothyroidism, and that in his opinion, "it is impracticable for Ms. Cassera to maintain gainful employment due to this debilitating illness." In addition, various reports and medical logs attached to the February letter stated that Cassera either had, had been treated for, or was diagnosed with, thyroid problems for several years.
 
 
 12
 In April 1996, the district court granted the Secretary's motion for judgment on the pleadings, pursuant to Fed.R.Civ.P. 12(c), and affirmed the Secretary's determination that Cassera was not disabled. The court found, inter alia, that the new evidence presented by Cassera was not "material" and therefore remand was not required.
 
 
 13
 On appeal, Cassera argues that the district court erred in failing to remand her case to the ALJ for consideration of new evidence. Under 42 U.S.C. § 405(g), a district court may order that additional evidence be taken before the Secretary. Pursuant to that provision, this Court has set forth a three-part test for determining whether remand is required, which includes the requirement that the claimant show that the new evidence is "material, that is, both relevant to the claimant's condition during the time period for which benefits were denied and probative." Lisa v. Secretary of HHS, 940 F.2d 40, 43 (2d Cir.1991). In addition, materiality requires "a reasonable possibility that the new evidence would have influenced the Secretary to decide claimant's application differently." Id.
 
 
 14
 The district court correctly found that Cassera's new evidence failed to meet the materiality prong of the remand test. New evidence must be relevant to the time period for which benefits were denied. In the instant case, that period was from March 31, 1992, the protective filing date, to December 2, 1993, the date of the ALJ decision denying disability benefits. See 20 C.F.R. § 416.330. New evidence is not material if it is "evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition." Szubak v. Secretary of HHS, 745 F.2d 831, 833 (3d Cir.1984).
 
 
 15
 Although Dr. Belgrave's letter stated that Cassera was impaired to some degree as of July 1994, it expresses no opinion as to whether Cassera was disabled during the benefit period or whether Cassera's impairments in mid-1994 reflected the severity or continuity of an impairment that existed during the benefits period. See Lisa, 940 F.2d at 44. Similarly, although several of the new letters and reports state that Cassera has had thyroid disease for several years, they do not state that Cassera has been disabled during that time. Dr. Belgrave's letters also did not identify additional impairments, as the symptoms he listed in his July letter were previously raised by Cassera in her testimony before the ALJ.
 
 
 16
 Based on the information contained in Dr. Belgrave's letters, Cassera may at this time be eligible for benefits. To recover those benefits, however, Cassera must reapply to the Social Security Administration.
 
 
 17
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 Of the United States District Court for the Eastern District of New York, sitting by designation